**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY JACK ORANGE,

        Petitioner - Appellant,

v.

        No. 01-7115

SAM CALBONE, Warden,

        Respondent - Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-142-S)**

Stephen J. Cribari and Charles W. Chotvacs, University of Denver College of Law, Denver, Colorado, for the Petitioner-Appellant.

Kellye Bates, Assistant Attorney General, (W.A. Drew Edmondson, Attorney General, with her on the briefs), Oklahoma City, Oklahoma, for the Respondent-Appellee.

Before **KELLY**, **PORFILIO**, and **BRISCOE**, Circuit Judges.

**BRISCOE**, Circuit Judge.

      Petitioner Billy Jack Orange, an Oklahoma state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition on statute of limitations grounds. Because we conclude that the "appeal out of time" granted to petitioner by the

Oklahoma Court of Criminal Appeals constitutes "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A), we in turn conclude that his federal habeas petition was timely filed. We reverse the judgment of the district court and remand for further proceedings.

I.

Petitioner was convicted by a jury in the District Court of Marshall County, Oklahoma, of possession of a controlled dangerous substance after two or more former convictions and possession of paraphernalia, and was formally sentenced for those convictions on September 10, 1997. Within a day or two of his sentencing, petitioner agreed to assist law enforcement authorities in a corruption investigation of the Marshall County Sheriff. As a result, he was removed from the Marshall County Jail less than five days after his sentencing. Petitioner's trial counsel was not informed of petitioner's whereabouts, and there is no indication that petitioner was allowed to make contact with his counsel. Accordingly, although it is uncontroverted that petitioner intended to appeal his convictions (petitioner's trial counsel stated this intent at the time of sentencing), a timely appeal was not filed on his behalf.

On April 2, 1999, petitioner, appearing pro se, filed an application for post-conviction relief in Marshall County District Court seeking an appeal out of time. On April 8, 1999, the court granted petitioner's application and recommended that he be

granted an appeal out of time with respect to his 1997 convictions.[1]  On November 12, 1999, the Oklahoma Court of Criminal Appeals (OCCA) granted petitioner an appeal out of time in Case No. PC-99-1402.  On August 11, 2000, the OCCA affirmed petitioner's 1997 convictions and sentences.

On November 9, 2000, petitioner, again proceeding pro se, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  Respondent moved to dismiss the petition on the ground that it was filed outside the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  In its motion, respondent argued that petitioner's conviction became final on September 20, 1997, when the ten-day period for filing a notice of appeal from his convictions expired.  Thus, respondent argued, the one-year period of limitations for filing a federal habeas corpus petition expired on September 20, 1998.  Petitioner responded by outlining the facts of his removal from the Marshall County Jail and explaining why he was unable to file a timely appeal.

On July 27, 2001, the district court granted the motion to dismiss.  The district court agreed with respondent that petitioner's conviction became final for purposes of § 2244(d)(1)(A) on September 20, 1997, when petitioner failed to timely perfect a direct appeal from his convictions and sentences.  The district court further concluded that the

_____

[1]  Although not a part of the record on appeal, petitioner has attached a copy of the court's order to his brief.  The court determined that as a result of petitioner's participation in the investigation of the sheriff, he was denied the right and/or ability to appeal his convictions and sentence.  The parties do not dispute the content of the court's order.

circumstances outlined by petitioner did not warrant equitable tolling of the one-year statute of limitations. Although the district court denied petitioner a certificate of appealability (COA), this court granted a COA, appointed counsel, and directed counsel to address the question of whether petitioner's appeal out of time constituted "direct review" for purposes of § 2244(d)(1)(A).

II.

The narrow issue on appeal is whether petitioner's appeal out of time, which was granted by the OCCA, constitutes "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A). We review the issue de novo. See Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) ("We review the district court's interpretation of the one-year AEDPA limitation provision de novo."); Ford v. Moore, 296 F.3d 1035, 1037 (11th Cir. 2002) (reviewing de novo district court's legal conclusion that federal habeas petition was untimely under § 2244(d)(1)); Lloyd v. Vannatta, 296 F.3d 630, 632 (7th Cir. 2002) (same); Giesberg v. Cockrell, 288 F.3d 268, 270 (5th Cir. 2002) ("An order dismissing a habeas application as time-barred by AEDPA is subject to de novo review."); see generally United States v. Fillman, 162 F.3d 1055, 1056 (10th Cir. 1998) ("We review de novo the district court's interpretation of a federal statute.").

Before addressing the merits of the issue, we consider respondent's assertion that petitioner failed to properly raise the issue in the district court. It is true that petitioner, who was appearing pro se in the district court, did not specifically argue that his appeal

out of time should be treated as part of the "direct review" process for purposes of § 2244(d)(1)(A).  Petitioner did, however, indicate in his federal habeas petition that he filed a direct appeal from the judgment of conviction and exhausted his state remedies during the course of that direct appeal.  ROA, Doc. 2, §§ 11-12, 16(A)(3)(a), 16(B)(3)(a), 16(C)(3)(a).  When respondent moved to dismiss petitioner's federal habeas petition on the grounds that it was untimely under § 2244(d)(1)(A), both respondent and petitioner outlined in detail the course of petitioner's state court proceedings, including the appeal out of time proceedings granted by the OCCA.  In fact, petitioner argued in his pro se response to the motion to dismiss that his federal habeas petition should not be deemed time-barred due to the unusual circumstances that gave rise to his appeal out of time proceedings in state court.  As a result, all of the pertinent facts were squarely before the district court at the time it analyzed respondent's motion to dismiss and applied § 2244(d)(1)(A), and we believe it is fair to say that, by granting respondent's motion to dismiss, the district court implicitly concluded that petitioner's appeal out of time proceedings were not part of the "direct review" process under § 2244(d)(1)(A).  We conclude that the issue was properly before the district court and, in turn, is properly before this court.  See generally Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that "the allegations of [a] pro se complaint" are held to "less stringent standards than formal pleadings drafted by lawyers").

Section 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure. See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (deferring to Georgia state court determination of whether particular filing was part of direct appeal process under Georgia law); White v. Schotten, 201 F.3d 743, 752-53 (6th Cir. 2000) (reaching same conclusion in case filed by Ohio state prisoner). This principle is consistent with "AEDPA's goal of promoting 'comity . . . and federalism.'" Carey v. Saffold, 122 S. Ct. 2134, 2138 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 364 (2000)).

Here, it is clear that the "appeal out of time" procedure afforded to petitioner was considered part of the direct appeal process under Oklahoma law. "Practice in the [OCCA] is governed by the Rules of the Court of Criminal Appeals, and guidance in applying those Rules is found in cases decided by the [OCCA]." Banks v. State, 953 P.2d 344, 345 (Okla. Crim. App. 1998). Rule 2.1(E) authorizes a procedure described as an "appeal out of time." Okla. Stat. Ann., tit. 22, Ch. 18, App., Rule 2.1(E). The procedure, which can be pursued both "in a direct appeal" and "in an appeal under [Oklahoma's] Post-conviction Procedure Act," id. Rule 2.1(E)(2), is available only to those criminal

defendants who can prove they were "denied an appeal through no fault of [their] own."

Id. Rule 2.1(E)(1). If, as here, the procedure is pursued "in a direct appeal" and granted

by the OCCA, the criminal defendant is essentially placed in the same procedural posture

as if he had timely pursued a direct appeal from his convictions and sentences.[2] More

specifically, he is granted a new ten-day period for filing a notice of intent to appeal and

designation of record, and is directed to conform to the OCCA's applicable rules for

initiating and perfecting a direct appeal. Id. Rule 2.1(E)(2); e.g., Young v. State, 902

P.2d 1089, 1091 (Okla. Crim. App. 1995). Further, the defendant in such a proceeding is

thereafter characterized by the OCCA as the "appellant," a term typically utilized by the

OCCA only in direct appeals (as opposed to the term "petitioner" utilized by the OCCA

in applications for post-conviction relief). See ROA, Doc. 2, Exh. A (summary opinion

of OCCA); e.g., Watkins v. State, 829 P.2d 42, 43 (Okla. Crim. App. 1991); C.D.H. v.

State, 760 P.2d 843, 844 (Okla. Crim. App. 1988). The OCCA reviews the issues raised

in such a proceeding on the merits without the typical res judicata/procedural bar analysis

normally employed in a case involving post-conviction review. Finally, the OCCA

ultimately either "affirms" or "reverses" the judgment of conviction and sentence, as it

typically does in a direct appeal. In contrast, where the appeal involves an application for

---

[2] For example, the OCCA ordered in this case that petitioner be "GRANTED an appeal out of time from his Judgments and Sentences in Marshall County District Court Case Nos. CF-97-40 and CM-97-82." ROA, Doc. 2, Exhibit B (copy of "Order Granting Appeal Out of Time").

post-conviction relief, the OCCA ultimately resolves the case by referencing in its ruling whether post-conviction relief will be "granted" or "denied." See ROA, Doc. 2, Exh. A; e.g., Watkins, 829 P.2d at 43; C.D.H., 760 P.2d at 845.

Respondent argues that treating petitioner's appeal out of time as part of the "direct review" process for purposes of § 2244(d)(1)(A) "would result in a complete nullity of [the provision] and would open up an avenue of abuse which the AEDPA specifically sought to foreclose." Aplee Br. at 9-10. That argument, in our view, overstates the effect of our ruling. The level of proof a criminal defendant in Oklahoma must satisfy in order to be granted an appeal out of time is quite high. See Okla. Stat. Ann., tit. 22, Ch. 18, App., Rule 2.1(E)(1) (indicating that a criminal defendant's right to an "appeal out of time" is "dependent upon the ability to prove he/she was denied an appeal through no fault of his/her own"). Indeed, our review of Oklahoma case law suggests that an application for a direct appeal out of time is rarely granted, and respondent did not dispute this conclusion at oral argument. Treating such proceedings as part of the "direct review" process for purposes of § 2244(d)(1)(A) would therefore not "nullify" AEDPA's one-year statute of limitations. Moreover, because direct appeal out of time proceedings are only permitted in the event a criminal defendant has been denied a direct appeal through no fault of his own, treating such proceedings as part of the "direct review" process would not "open up an avenue of abuse" as asserted by respondent. To the contrary, such an interpretation is likely the only way those uniquely-

situated defendants would be eligible to pursue federal habeas relief.

Respondent's citation to Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000), is also not relevant here. The petitioner in Gibson, an Oklahoma state prisoner, pled guilty to first-degree manslaughter in December 1975, was sentenced to life imprisonment, and filed no direct appeal. Approximately twenty years later, in December 1995, petitioner filed an application for state post-conviction relief. The state district court denied that application and petitioner failed to file a timely appeal. The OCCA subsequently granted him an appeal out of time from the denial of post-conviction relief and affirmed the denial. The petitioner then sought federal habeas relief, but his habeas petition was denied as untimely under § 2244(d)(1). Petitioner appealed and this court addressed the statute of limitations issue. Notably, unlike the instant case, in Gibson we were not asked to address whether the appeal out of time proceedings constituted part of the "direct review" process for purposes of § 2244(d)(1)(A). Indeed, that issue could not have arisen under the facts of Gibson because the appeal out of time proceedings related not to the petitioner's judgment and sentence but to the denial of petitioner's application for post-conviction relief. Therefore, the only issue before this court was whether to "toll the statute of limitations during the entire period between [petitioner's] initial filing for post-conviction relief and the state appellate court's final denial, including the period between the expiration of his time to appeal and his filing of a motion for leave to appeal out of time." Id. at 804. That issue clearly has no relation to the one asserted here.

Finally, respondent cites several Sixth Circuit decisions in support of the contention that an appeal out of time proceeding cannot "reset" the one-year limitations period in § 2244(d)(1)(A) and can only, at most, toll the one-year limitations period. However, at issue in each of the cited Sixth Circuit cases was a procedure authorized under Rule 26(B) of the Ohio Rules of Appellate Procedure. That procedure allows a criminal defendant to file a motion with the Ohio appellate courts to reopen an appeal on ineffective assistance of counsel grounds. In Bronaugh v. State of Ohio, 235 F.3d 280, 286 (6th Cir. 2000), the court concluded that a Rule 26(B) application was a step in Ohio's direct review process. Nevertheless, the court held that a Rule 26(B) application did not "reset" the one-year period of limitations under § 2244(d)(1)(A). Instead, it held that "the statute of limitations is tolled only for that period of time in which [a] Rule 26(B) application is actually pending in the Ohio courts." Id.

Notably, the Sixth Circuit recently issued an opinion calling into question the interpretation adopted in Bronaugh. In Miller v. Collins, 305 F.3d 491, 494 (6th Cir. 2002), the court concluded "there are two ways to read Bronaugh":

> The first, which is the State of Ohio's position in this case, is that a Rule 26(B) application is technically part of the direct review process, but in effect, it functions as a collateral attack because it only tolls the statute of limitations during pendency, it does not affect the conclusion of direct review and thus does not postpone the initial running of the one-year limitations period. The other possible interpretation is that because a Rule 26(B) application is part of the direct review process, a conviction does not become final pursuant to section 2244(d)(1)(A) until the Ohio courts dispose of a petitioner's Rule 26(B) application. Thus, a timely application does not merely toll the statute of limitations, the limitations period does not

> begin to run until its conclusion. Therefore, although the State of Ohio argues that Miller's apparently timely Rule 26(B) application only tolls the statute of limitations, there is an argument that Miller's direct appeal did not conclude, and the one-year statute of limitations did not begin to run, until the Ohio courts disposed of his Rule 26(B) application.

Id. The court ultimately found it unnecessary to decide which reading of Bronaugh to adopt because, under the facts presented, it made no difference. Id. at 495.

In any event, there are important differences between a Rule 26(B) application in Ohio and an appeal out of time proceeding in Oklahoma that justify treating a direct appeal which was untimely but allowed under Oklahoma law as part of the "direct review" process for purposes of § 2244(d)(1)(A). Because a Rule 26(B) application can be filed at any time, and will often be denied, there is a justifiable basis for refusing to allow such an application (particularly one that has been denied) to "reset" the one-year period of limitations under § 2244(d)(1)(A). In contrast, only in the event that an application to file a direct appeal out of time is granted by the Oklahoma courts will the out-of-time appeal be treated as part of the "direct review" process for purposes of § 2244(d)(1)(A). Thus, in the more typical circumstances where an application for direct appeal out of time is denied by the Oklahoma courts, such proceedings can, at most, only toll the AEDPA statute of limitations.

Having concluded that petitioner's appeal out of time is part of the "direct review" process for purposes of § 2244(d)(1)(A), we in turn conclude that petitioner's federal habeas petition was timely filed. Specifically, the one-year statute of limitations would

not have begun running until the OCCA denied relief on August 11, 2000. Because petitioner's federal habeas petition was filed within a year of that date, the one-year statute of limitations had not yet expired.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.