F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFERY ALLEN DAVIS,

      Petitioner - Appellant,

vs.

RON WARD,

      Respondent - Appellee.

No. 05-5020
(D.C. No. 04-CV-467-JHP-FHM)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Jeffrey Allen Davis, a state inmate appearing pro se, seeks to appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254. The district court dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d) and not saved by equitable tolling.

For this court to have jurisdiction over Mr. Davis's appeal, a certificate of appealability ("COA") must be granted. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). To make such a showing, Mr. Davis must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel,

529 U.S. 473, 484 (2000). For a denial based upon procedural grounds, Mr. Davis must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In 1993, Mr. Davis was convicted in a non-jury trial of second degree murder, attempted robbery with a firearm, two counts of shooting with intent to kill, and robbery with a firearm. He was sentenced on April 8, 1993, to fifty years on each count, running consecutively. His conviction became final on April 18, 1993, ten days after entry of his judgment and sentence, as he did not perfect a direct appeal, R. 2.5(A), Rules of the Court of Crim. App., Okla. Stat. Ann. tit. 22, ch. 18., App., and he has not been granted a direct appeal out of time. Accordingly, he had until April 24, 1997, in which to file his federal habeas petition. 28 U.S. C. § 2244(d)(1); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Mr. Davis did not file his federal habeas petition until June 9, 2004. It is time-barred.

Mr. Davis asserts that under Orange v. Calbone, 318 F.3d 1167, 1171 (10th Cir. 2003), the pertinent date for the running of the one-year limitation period should be August 5, 2003, when he was granted a post-conviction appeal out of time which would be part of the direct review process under 28 U.S.C.

§ 2244(d)(1)(A). This argument is without merit. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief in a post-conviction appeal out-out-time on November 18, 2003. R. Doc. 5, Ex. D. <u>Orange</u> involved a direct appeal out of time, not a post conviction appeal out of time. <u>Orange</u>, 318 F.3d at 1171-72. The denial of post-conviction relief in these circumstances in not a part of the direct review process.

The district court's conclusion that Mr. Davis's multiple applications for post-conviction relief did not serve to toll the limitations period is not reasonably debatable, nor is its conclusion that he has not satisfied the grounds for equitable tolling. R. Doc. 12. Mr. Davis's new allegation on appeal that he filed a petition for writ of mandamus with the OCCA in February 1996, complaining about delay, does not change the equitable tolling analysis.

We are satisfied that the district court's resolution of the limitations issue is not debatable or wrong. Accordingly, we DENY Mr. Davis's application for a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge