# In the

# United States Court of Appeals

## For the Seventh Circuit

––––––––––

No. 03-2997

DAVID LOZANO, JR.,

*Petitioner-Appellant,*

*v.*

MATTHEW J. FRANK,

*Respondent-Appellee.*

––––––––––

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02 C 775—**William E. Callahan, Jr.**, *Magistrate Judge.*

––––––––––

ARGUED MARCH 30, 2005—DECIDED SEPTEMBER 13, 2005

––––––––––

Before BAUER, RIPPLE, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* David Lozano, Jr. shot and killed a man during a botched robbery attempt. He was convicted in 1991 of armed robbery and first-degree intentional homicide. He petitions for a writ of habeas corpus on the grounds of ineffective assistance of counsel and various other violations of his constitutional rights. The district court dismissed Lozano's petition as untimely, and we affirm.

**Background**

Following a three-day jury trial, Lozano was convicted of the robbery and murder of Mario Gonzalez and sentenced to life imprisonment on the homicide conviction and a ten-year consecutive sentence on the robbery charge. He appealed his conviction for homicide to the Wisconsin Court of Appeals, which affirmed the conviction in 1993. Lozano's attorney filed a no-merit petition for review with the Wisconsin Supreme Court; Lozano followed this with a *pro se* petition, listing additional grounds for review. On November 15, 1993, the Wisconsin Supreme Court denied Lozano's petition for review.

In 1997, Lozano filed for post-conviction relief under Wis. Stat. § 974.06. The Milwaukee County Circuit Court denied Lozano's motion. The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied Lozano's petition for review.

On July 9, 2001, Lozano filed a "Motion to Modify Sentence" purportedly under Wis. Stat. §§ 973.19 and 809.30, *Cresci v. State*, 278 N.W.2d 850 (Wis. 1979), *Klimas v. State*, 249 N.W.2d 285 (Wis. 1977), *State v. Franklin*, 434 N.W.2d 609 (Wis. 1989), *Rosado v. State*, 234 N.W.2d 69 (Wis. 1975), and *McCleary v. State*, 182 N.W.2d 512 (Wis. 1971). The state of Wisconsin supported Lozano's motion, on the basis of Lozano's cooperation with state and federal authorities in the investigation and prosecution of members of the Latin Kings street gang. On March 9, 2002, the Milwaukee County Circuit Court modified Lozano's sentence, making his ten-year sentence for armed robbery run concurrently with his sentence for homicide. The court denied Lozano's request that his parole eligibility be accelerated from 2025 to 2012.

Lozano filed his federal habeas corpus petition on August 7, 2002, which the district court dismissed as untimely.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner seeking a federal writ of habeas corpus is required to file his petition within one year of the date on which his state conviction became "final." 28 U.S.C. § 2244(d)(1)(A). Specifically, Lozano's habeas petition was due one year from "the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* On direct appeal, Lozano's petition for review was denied by the Wisconsin Supreme Court on November 15, 1993. He did not seek review in the United States Supreme Court, so his conviction became final on February 14, 1994, which was the date on which his time for filing a petition for certiorari expired. However, Lozano's conviction became final before the effective date of the AEDPA, so he had one year from the date of enactment, April 24, 1996, to timely file his federal habeas petition. So the one-year statute of limitations for Lozano's habeas claim expired on April 24, 1997. *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002).

Lozano did not file his federal habeas petition until August 7, 2002, but he claims that his petition is timely because his sentence modification in March 2002 somehow "reset" the one-year limitations period. Specifically, he contends that the sentence modification was a further stage of direct review, and his conviction was therefore not final until March 2002. Lozano insists that he styled his motion for sentence modification pursuant to §§ 973.19 and 809.30, and he exerts considerable time and energy discussing the technicalities of those sections and why they must always serve as vehicles of direct review under Wisconsin law. However, the fact that his motion was purportedly brought under these two particular sections does not mean that the sentence was modified pursuant to those sections.

Lozano's motion cited several cases in addition to the two

statutory provisions; several of these cases are not consistent with his set of facts. For example, in *Klimas, Rosado*, and *McCleary,* the issue was whether the sentence imposed by the trial judge was an abuse of discretion. Lozano makes no such claim. Lozano's sentence was modified based on a new factor—his cooperation with authorities in the prosecution of Latin Kings gang members. This fact did not exist at the time of Lozano's trial and has no bearing on the constitutionality or finality of his convictions for intentional homicide and armed robbery. The notion that Lozano's sentence modification was a part of the direct review process is a non-starter.

Lozano also relies on *Orange v. Calbone*, 318 F.3d 1167 (10th Cir. 2003), for the proposition that his sentence modification constituted direct review. *Orange* is distinguishable from the facts at bar. One critical distinction is what relief the defendants were seeking. In *Orange*, the defendant sought leave to file an "appeal out of time." He had failed to timely seek direct review of his conviction and sought the chance to do so. Essentially, the defendant wanted to be put back in the position of a defendant who had timely filed his direct appeal. The Tenth Circuit held that the "appeal out of time" procedure was considered part of the direct review process under Oklahoma law. 318 F.3d at 1170-71. Lozano, on the other hand, was seeking a sentence adjustment based on his post-conviction cooperation with authorities. He was not seeking to be restored to a position in which to challenge the merits of his conviction. The Milwaukee County Circuit Court was not affirming or reversing his conviction—it was deciding whether the new factor of his cooperation merited a sentence adjustment. Unlike the defendant in *Orange*, Lozano had already utilized the direct review process.

Accepting Lozano's argument would require the elevation of form over substance; he cannot backdoor his way into

timely federal habeas review by characterizing his sentence modification as a result of the direct review process.

## Conclusion

The decision of the district court dismissing Lozano's petition as untimely is AFFIRMED.

A true Copy:

       Teste:

_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***