**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY JOE HECTOR, JR.,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 04-6271
(W.D. Oklahoma)
(D.Ct. No. 04-CV-727-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Bobby Joe Hector, Jr., a state inmate appearing *pro se*,[1] seeks to appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254. The district court dismissed the petition as time-barred pursuant to 28 U.S.C. §

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

2244(d) and not saved by equitable tolling.

For this court to have jurisdiction over Hector's appeal, a certificate of appealability ("COA") must be granted. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a denial of COA is based on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

On December 30, 1997, Hector pled guilty to first degree murder in Oklahoma state court. He was sentenced on February 18, 1998, to life imprisonment. His conviction became final on February 28, 1998, ten days after entry of his judgment and sentence, as he did not perfect a direct appeal. *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals,* OKLA. STAT. ANN. tit. 22, ch. 18, App. Nor was he granted a direct appeal out of time. Id. at Rule 2.5(A). Accordingly, he had until March 1, 1999, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). Hector did not file his federal habeas petition until June 10, 2004. It is time-barred.

Hector asserts that under Rule 2.1(E) of the Rules of the Oklahoma Court

of Criminal Appeals (OCCA) and this Court's opinion in *Orange v. Calbone,* 318 F.3d 1167, 1171 (10th Cir. 2003), his application for post-conviction relief to the OCCA constitutes an appeal out of time and should be considered part of the direct review process under 28 U.S.C. § 2244(d)(1)(A). Therefore, he argues the pertinent date for the running of the one-year limitation period should be June 12, 2003, when the OCCA denied his post-conviction appeal out of time. This argument is without merit. *Orange* involved a direct appeal out of time, not a post-conviction appeal out of time. *Orange,* 318 F.3d at 1171-72. The denial of post-conviction relief in these circumstances is not a part of the direct review process.

The district court concluded that Hector's application for post-conviction relief did not serve to toll the limitations period and is not reasonably debatable, nor has he satisfied the grounds for equitable tolling. We agree. Accordingly, we **DENY** Hector's application for a COA and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-3-