**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY CURTIS ZORNES,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 05-6402

(D.C. No. CIV-05-0735-HE)
(W. D. Oklahoma)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Roy Zornes, an Oklahoma prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. §

2254 habeas petition on statute of limitations grounds.  Because Zornes has failed to

make "a substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2), we deny his request and dismiss the appeal.

I.

On October 15, 1997, Zornes was convicted by a jury in the District Court of

Caddo County, Oklahoma, of lewd molestation after former conviction of two felonies.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

He was subsequently sentenced to sixty years' imprisonment. Zornes sought, and was granted by the Oklahoma Court of Criminal Appeals (OCCA) on February 18, 2003, a direct appeal out of time.[1] On January 15, 2004, the OCCA affirmed Zornes' conviction and sentence. Zornes did not thereafter file an application for post-conviction relief.

On June 25, 2005, Zornes initiated these federal habeas proceedings by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to a magistrate judge who issued a report and recommendation concluding that Zornes' petition was untimely and that Zornes was not entitled to equitable tolling. Although Zornes objected to the report and recommendation, the district court overruled those objections, adopted the report and recommendation, and dismissed Zornes' petition. The district court subsequently denied Zornes' request for a COA. Zornes has now asked this court to issue him a COA.

## II.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

---

[1] We have noted that Oklahoma's "appeal out of time" procedure "is available only to those criminal defendants who can prove they were denied an appeal through no fault of [their] own." Orange v. Calbone, 318 F.3d 1167, 1171 (10th Cir. 2003) (internal quotation marks omitted).

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Pursuant to 28 U.S.C. 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year limitation period runs "from the latest of" the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The running of the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

We agree with the district court's application of these provisions to Zornes' case, as well as its conclusion that Zornes' petition was untimely. In particular, we agree that the one-year period of limitations began running on April 14, 2004, ninety days after the

-3-

OCCA affirmed Zornes' conviction and sentence (i.e., the time period in which Zornes could have filed a petition for writ of certiorari with the United States Supreme Court). See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). We further agree that the one-year limitations period expired prior to the time that Zornes filed his federal habeas petition on June 24, 2005. Finally, we agree that Zornes has established no basis for statutory or equitable tolling. With respect to the issue of statutory tolling, it is uncontroverted that Zornes did not file any type of application for state post-conviction relief and, although he unsuccessfully sought federal habeas relief in March 2005[2], those federal proceedings did not serve to toll the one-year period of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"). As for the possibility of equitable tolling, we agree with the district court that Zornes has failed to establish that his "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

The request for a COA is DENIED, the request to proceed in forma pauperis on

---

[2] Zornes filed an application for federal habeas relief on March 7, 2005, but that proceeding was dismissed without prejudice on May 13, 2005, due to Zornes' failure to pay the required filing fee of $5.00.

-4-

appeal is DENIED, and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge