**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JESIL ABRAHAM WILSON,

　　　　Petitioner-Appellant,

v.

STATE OF OKLAHOMA; TULSA
COUNTY; JUSTIN JONES,[*]

　　　　Respondents-Appellees.

No. 05-5115
(D.C. No. 02-DV-0323-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner Jesil Abraham Wilson appeals from a district court order denying

his petition for a writ of habeas corpus. Wilson's primary claim is that his trial

---

[*]  Justin Jones replaced Ron Ward as Director of the Oklahoma Department of Corrections on October 27, 2005. Mr. Jones is therefore substituted for Mr. Ward as a respondent in this action. *See* Fed. R. App. P. 43(c)(2).

[**]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel was constitutionally ineffective in connection with his pre-trial certification for trial as an adult on murder charges arising out of a shooting that occurred when he was thirteen years old. The district court held that this claim was procedurally barred. We granted a certificate of appealability on that ruling, *see* 28 U.S.C. § 2253(c), and appointed the Federal Public Defender to represent petitioner on appeal. On de novo review, *see Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003), we reverse and remand for further proceedings.

Wilson's counsel[1] did not raise ineffective assistance of certification counsel on direct appeal in the Oklahoma courts following his conviction. But on post-conviction review in the Oklahoma Court of Criminal Appeals (OCCA), Wilson alleged certification counsel had been ineffective in failing to: investigate and prepare for the certification hearing, call witnesses, present mitigating evidence, challenge statements made during petitioner's custodial interrogation, and raise competency issues. *See* R. doc. 1, exs. 1 & 3. Citing the omission of this claim on direct appeal, the state court held that it had been procedurally defaulted. Wilson's post-conviction application also asserted that appellate counsel had been ineffective for this very omission—a claim that, if substantiated, would have provided cause to excuse the procedural default—but this appellate

---

[1] At successive stages of his prosecution, Wilson had different counsel, to whom we refer as certification counsel, trial counsel, and appellate counsel.

ineffectiveness claim was denied on the merits. He then filed the instant habeas petition.

Before addressing the district court's disposition, we start with a fundamental deficiency in the OCCA's analysis of the appellate ineffectiveness claim. That analysis consisted of nothing more than a conclusion immediately following this legal premise: "The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance or to preclude enforcement of a procedural default." R. doc. 4, ex. G, at 2. In *Cargle v. Mullin*, 317 F.3d 1196, 1202-05 (10th Cir. 2003), however, we explained at length that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law. *See also Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005) (following *Cargle*), *cert. denied*, 126 S. Ct. 2356 (2006). We emphasize that "[b]ecause the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference" on habeas review. *Cargle*, 317 F.3d at 1205; *see also Malicoat*, 426 F.3d at 1248.

In its habeas review, the district court ignored the state court's erroneous disposition of the appellate ineffectiveness claim. Instead, it constructed a

different rationale for why the failure to appeal certification counsel's performance did not reflect ineffective assistance by petitioner's appellate counsel—though, we note, also without ever considering the merits of the omitted claim. Citing state law that requires the defendant to take an immediate interlocutory appeal from an adult certification order and that the failure to do so waives the matter, *see Mooney v. State*, 990 P.2d 875, 884 (Okla. Crim. App. 1999),[2] the district court held that Wilson's appellate counsel could not be found ineffective for not pursuing a matter that was in fact waived at the time direct appeal was taken. While perhaps persuasive at first blush, on closer examination this analysis cannot be sustained.

The analysis tacitly rests on an unduly constricted notion of appellate ineffectiveness, with the result that one omission by counsel is excused on the basis of yet another. The very circumstance relied on to negate the appellate ineffectiveness claim, i.e., the failure to timely perfect an interlocutory appeal, could itself aptly fall within the heading of appellate ineffectiveness for procedural bar purposes even if the fault lies with certification counsel (or any other attorney representing petitioner during his trial proceedings) rather than the attorney who pursued an appeal following final judgment. *See Jones v. Cowley*,

---

[2]     *Mooney* was decided under the 1991 state code, while petitioner's case was governed by the 1997 version, but the substance of the operative statutes was not changed (despite some renumbering). *See* Okla. Stat. Ann. tit. 10, § 7303-6.2(A) (1997); *see also* Okla. Stat. Ann. tit. 22, Ch. 18, App. (Rules of the Court of Criminal Appeals), Rules 2.5(A), 7.1(1), 7.2.

28 F.3d 1067, 1073 (10th Cir. 1994) (recognizing trial counsel's failure to file notice of appeal may "constitute[] a violation of [defendant's] right to effective counsel on appeal" excusing procedural bar). Alternatively, viewed as a trial-level omission, certification counsel's failure to perfect an appeal from the certification order was in any event a separate instance of allegedly deficient representation, distinct from the certification process itself that would have been the subject of the interlocutory appeal counsel failed to take. Thus, it would have been open to challenge following final judgment, in the same manner as any other instance of trial counsel ineffectiveness, without complications relating to *Mooney*.[3]

In sum, the district court's threshold rejection of Wilson's allegations of ineffective assistance of appellate counsel, and its consequent disposition of the petition on the basis of procedural bar, cannot stand on its stated rationale. To

---

[3] We note there was also a procedural course available to appellate counsel to seek direct review of the certification order (without proceeding by way of an intermediate challenge to certification counsel's failure to take a timely appeal of the order) notwithstanding the waiver-of-appeal problem. The Rules of the Court of Criminal Appeals provide for an "appeal out of time," Okla. Stat. Ann. tit. 22, Ch. 18, App., Rule 2.1(E), which can be pursued in association with a direct appeal from the final judgment of conviction. *See Orange v. Calbone*, 318 F.3d 1167, 1170-71 (10th Cir. 2003) (summarizing procedure and also noting it is "considered part of the direct appeal process under Oklahoma law"). While our review of the case law in *Orange* "suggest[ed] that an application for a direct appeal out of time is rarely granted," *id.* at 1171, the State has pointed out in its own briefing here that the procedure has been used to permit belated review of an order certifying a child for trial as an adult, *see C.D.H. v. State*, 760 P.2d 843, 844 (Okla. Crim. App. 1988). There is no indication that petitioner's appellate counsel made any attempt to invoke this available procedure.

hold otherwise would be to embrace the notion that one act of ineffective assistance is cancelled out—when it is in fact compounded—by a second act that forfeits direct review of the first, so that counsel ineffectiveness that prejudices the defendant both at the trial level and (through waiver) on appeal is not remediable.

We therefore reverse and remand for further proceedings. We emphasize that on remand the district court need not proceed directly to Wilson's challenge to certification counsel's performance. Given the narrow ground of its prior decision and our reversal thereof here, on remand the court may well begin with additional consideration of the State's procedural bar defense and Wilson's associated claim of appellate ineffectiveness, neither of which has thus far been conclusively established or negated. For example, the pertinent procedural circumstances fleshed out in detail here may alter the court's view regarding the availability of the procedural bar defense. If the court reaffirms that the defense is available, it would still have to determine, de novo, whether the basis for invoking the bar here, i.e., the absence of any appellate challenge to certification counsel's performance, was itself a function of ineffective assistance of counsel excusing the bar.[4]

---

[4] In this regard, *Cargle* explained: "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for

(continued...)

Wilson has requested that in the event of a remand we direct the district court to hold an evidentiary hearing on the adequacy of his legal representation in the certification process. That would be premature. While certification counsel's performance would be subject to de novo habeas review should the State's effort to support procedural bar fail or Wilson's claim of appellate ineffectiveness excuse the bar (and, indeed, as noted above, the merit of Wilson's objections to certification counsel's performance could be the dispositive factor in resolving whether appellate counsel was ineffective), we cannot say at this point that there are no possible means of resolving the petition without an evidentiary hearing on the issue. Nor do we consider it appropriate to decide now, in the first instance, whether the requirements in 28 U.S.C. § 2254(e)(2) for obtaining an evidentiary hearing—or the grounds for excusing those requirements explained in *Williams v. Taylor*, 529 U.S. 420, 430-32 (2000)—are or could be satisfied here.

Wilson has also filed motions seeking to obtain the complete state court record of his criminal proceedings and to include it as a supplement to our record. Given our disposition of this appeal, the motions are denied as moot. Wilson is

[4](...continued)
deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission [assuming it was not simply an oversight]; of course, if the issue is meritless, its omission will not constitute deficient performance." 317 F.3d at 1202. Again, the district court's review of the matter will be de novo in light of the OCCA's use of an aberrant standard. *See id.* at 1205.

of course free to ask the district court to include the state court record in the proceedings on remand.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings. Wilson's motions to obtain his state court record and to include it as a supplement to the appellate record herein are DENIED as moot.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge