FILED
United States Court of Appeals
Tenth Circuit

May 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEMONTE LAMONZ OUSLEY,

      Petitioner - Appellant,

v.

JOE TAYLOR, Warden,

      Respondent - Appellee.

No. 10-5003
(N.D. Okla.)
(D.C. No. 4:09-CV-00484-CVE-FHM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

DeMonte Lamonz Ousley, a state prisoner appearing pro se and *in forma pauperis* (*ifp*), seeks to appeal from the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] The court concluded the petition was time-barred. We agree and deny his request for a certificate of appealability (COA).

In 1996, Ousley pled *nolo contendere* to various charges and was sentenced to a term of imprisonment. Ousley did not file a motion to withdraw his plea within the applicable time period. He did, however, file a motion for post-conviction relief with the

---

[1] We liberally construe Ousley's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Oklahoma Court of Criminal Appeals (OCCA) requesting leave to file an appeal out of time. The OCCA granted that motion on December 31, 1997, stating counsel should file an application to withdraw Ousley's plea within ten days of the date of the order. No application was filed and Ousley took no further action for nearly eleven years, until October 13, 2008, when he filed an application for post-conviction relief in state court. The trial court denied his application on January 12, 2009, and the OCCA affirmed on April 9, 2009.

On July 27, 2009, Ousley filed this federal habeas petition arguing the state trial court improperly failed to notify his counsel of the OCCA's order granting him an out-of-time appeal. The Warden moved to dismiss the petition as time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The court granted the Warden's motion and dismissed the petition. It determined AEDPA's one-year limitations period began to run on January 12, 1998, and expired on January 12, 1999.[2] It also determined Ousley was not entitled to statutory or equitable tolling. The court denied Ousley's request for a COA but, curiously, granted his motion to proceed *ifp*, thus enabling him to continue his frivolous argument in this Court.

A COA is a jurisdictional prerequisite to our review of a petition for writ of habeas

---

[2] The limitations period began to run ten days after the date of the OCCA's order granting Ousley an out-of-time appeal. *See Orange v. Calbone*, 318 F.3d 1167, 1173 (10th Cir. 2003) (when an Oklahoma defendant is granted a direct appeal out of time, he is essentially placed in the same procedural posture as if he had timely pursued a direct appeal).

corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Ousley's petition on procedural grounds, he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A plain procedural bar is present here and the district court was correct to invoke it. Ousley filed his petition well outside the one-year limitations period and does not claim statutory tolling. He argues he is entitled to equitable tolling because he did not learn about the status of his state court appeal until September 19, 2008, and sought post-conviction relief soon thereafter. "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). Even the most charitable reading of diligence cannot condone a more than ten-year delay in inquiring about the status of an appeal.[3]

_____

[3] Ousley eventually learned of the status of his appeal by simply inquiring of the clerk of the court. He finally did, on September 16, 2008. The clerk informed him, by letter dated September 19, 2008, that the OCCA had granted his motion on December 31,

We **DENY** Ousley's application for a COA and **DISMISS** this appeal.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

---

1997.  Had he written years earlier, he would have a better claim to equitable tolling.