FILED
United States Court of Appeals
Tenth Circuit

March 24, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EZEKIEL HOLBERT,

      Petitioner - Appellant,

    v.

JEROLD BRAGGS,

      Respondent - Appellee.

No. 19-6112
(D.C. No. 5:19-CV-00041-F)
(W.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY** [*]

Before **BRISCOE**, **McHUGH** and **MORITZ**, Circuit Judges.

Petitioner Ezekiel Holbert, a prisoner in Oklahoma state custody proceeding pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Holbert also moves to proceed in forma pauperis. We deny Mr. Holbert's motion to proceed in forma pauperis, decline to grant a COA, and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Holbert is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

On July 26, 2009, deputies from the Seminole County Sheriff's Department attempted to arrest Mr. Holbert at his mother's home pursuant to a warrant. Moments after they entered the residence, Mr. Holbert shot and killed two Sheriff's deputies. Mr. Holbert then exited his mother's home, shot at two additional law enforcement officers, and shot and struck Jenifer Bowen—a neighbor of Mr. Holbert's mother.

On March 12, 2012, in exchange for the state's promise to seek a sentence of life without the possibility of parole rather than death, Mr. Holbert entered a guilty plea on two counts of first-degree murder, two counts of shooting with intent to kill, and a single count of feloniously pointing a firearm. Mr. Holbert further pleaded *nolo contendere* to a single count of shooting with intent to kill.

Nearly seven months later, on October 8, 2012, Mr. Holbert commenced what would become more than five years of litigation, culminating with the Oklahoma Court of Criminal Appeals' ("OCCA") adjudication and rejection of Mr. Holbert's claims of constitutional error on their merits.

After the OCCA affirmed his conviction, Mr. Holbert filed the instant habeas petition in federal district court on January 15, 2019.[2] Mr. Holbert's petition was referred

---

[2] Orders issued by the state courts in connection with Mr. Holbert's conviction characterized his appeals as proceeding variously via post-conviction and direct appeal. Ultimately, Mr. Holbert was permitted to take an appeal out of time, which we have found to be "part of the direct appeal process under Oklahoma law." *See Orange v. Calbone*, 318 F.3d 1167, 1170–71 (10th Cir. 2003). As a result, finality did not attach to his conviction until the OCCA issued its order resolving Mr. Holbert's appeal on February 8, 2018. His habeas petition filed on January 15, 2019, is therefore timely. *See* 28 U.S.C. § 2244(d)(1).

2

to a Magistrate Judge, who issued a report and recommendation that Mr. Holbert's habeas petition be denied because "the OCCA's [adjudication of Mr. Holbert's claims] was reasonable and not contrary to clearly established federal law." ROA at 262; *see* ROA at 274. On July 2, 2019, the district court adopted that report and recommendation in full over Mr. Holbert's objection. The district court further declined to grant Mr. Holbert a COA.

## II. ANALYSIS

### A. Certificate of Appealability

Absent a COA, we are without jurisdiction to review a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 336. Rather, to give effect to the statutory scheme, we undertake an abbreviated review of the constitutional claims underlying the habeas petition when deciding whether to grant a COA. And importantly, when, as here, the asserted grounds for habeas have been

3

adjudicated on their merits by a state court, we must incorporate AEDPA deference into our COA inquiry. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Holbert asserts two related grounds in support of his habeas petition. First, he contends he received ineffective assistance of counsel during the plea negotiation process. Second, he argues that his guilty plea was involuntary because he was coerced, by his attorneys and others, into entering such a plea. We review each ground in turn.

## 1. Ineffective Assistance of Counsel

Under *Strickland v. Washington*, 466 U.S. 668 (1984), an ineffective assistance of counsel claim "will be sustained only when (1) 'counsel made errors so serious that counsel was not functioning as "counsel"' and (2) 'the deficient performance prejudiced the defense.'" *Johnson v. Carpenter*, 918 F.3d 895, 900 (10th Cir. 2019) (quoting *Strickland*, 466 U.S. at 687). Under the prejudice prong in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Before the state district court and the OCCA, Mr. Holbert asserted an array of arguments in connection with his ineffective assistance of counsel claim, contending generally that he would have proceeded to trial on counts carrying the death penalty but for his defense team's deficiency. On both factual and legal grounds, the OCCA rejected each of his arguments, concluding that "[Mr.] Holbert has shown neither deficient performance nor the necessary prejudice to prevail." ROA at 214.

4

Mr. Holbert faces a decidedly uphill battle in establishing an ineffective assistance of counsel claim on habeas review after a state court denied the same on its merits. Indeed, in these circumstances, the claim must be rejected if "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (citations omitted)).

In seeking a COA, Mr. Holbert argues only that reasonable jurists could debate whether he has established *Strickland*'s deficiency prong, asserting that (1) his defense team "had an overwhelming caseload; (2) his case was not supervised; (3) proper investigation was not conducted; (4) [his defense team] didn't ensure the plea was without coercion; [and] (5) [his defense team] allowed [him] to give untrue information to the court." Aplt. Br. at 4.

Mr. Holbert does not support these allegations with facts, and he makes no attempt to show that the OCCA based its rejection of this claim on an unreasonable determination of fact. Thus, Mr. Holbert has failed to make a sufficient threshold showing that (1) he received inadequate representation during the plea negotiation process, and (2) the OCCA's rejection of his ineffective assistance of counsel claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* § 2254(d)(2). And we perceive multiple reasonable arguments that the performance of Mr. Holbert's plea counsel was not deficient. For example, the testimony of Mr. Holbert's defense team—credited by the OCCA—illustrates that Mr.

5

Holbert's lawyers fully apprised him of all possible risks of proceeding to trial, but that they were sufficiently prepared to try the case in the event Mr. Holbert rejected the plea bargain and proceeded to trial without any viable "[guilt] stage defense." App. at 250. As a result, no reasonable jurist could debate that the combination of *Strickland* and § 2254(d) is fatal to Mr. Holbert's ineffective assistance of counsel claim.[3] *See Harrington*, 562 U.S. at 105 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." (emphasis added)). Mr. Holbert is not entitled to a COA on this claim.

## 2. The Voluntariness of Mr. Holbert's Guilty Plea

Under the Fourteenth Amendment's Due Process Clause, a defendant's guilty plea must be "voluntary," which "can be determined only by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 748–49 (1970). A guilty plea will be found voluntary where the circumstances show that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Lockhart*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

---

[3] Having rejected Mr. Holbert's ineffective-assistance-of-counsel claim on the deficiency prong, neither the OCCA nor the district court analyzed the prejudice prong, which would have asked whether "going to trial would have been rational in light of the objective circumstances of [Mr. Holbert's] case." *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013). Mr. Holbert has made no attempt to show that it would have been rational to reject a plea bargain sparing him the death penalty and proceed to trial on two capital charges without anything resembling a viable defense.

Mr. Holbert alleges his plea was involuntary due to (1) a "threat" from his defense team that his mother would be prosecuted if he proceeded to trial;[4] (2) intimidation from members of his defense team; and (3) a threat from his sister that she would have him killed if he went to trial.[5] The OCCA, on both factual and legal grounds, found Mr. Holbert's guilty plea to be voluntary:

> Holbert's attorneys and those affiliated with them engaged in frank discussion concerning his choices and the consequences and risks of those choices. Full disclosure of the possible ramifications of particular choices does not equate to illegal coercion. Holbert understood his choices and elected to enter a plea to avoid the death penalty.

App. at 213.

Mr. Holbert's petition does little more than recite the standard from § 2254(d)(1)-(2) by asserting that the OCCA's resolution of his claim was contrary to clearly established federal law and was based on an unreasonable determination of the facts. As to the unreasonable application of federal law, Mr. Holbert cites to *Brady v. United States*, 397 U.S. 742 (1970), presumably for the proposition that guilty pleas "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. And

---

[4] The exposure of Mr. Holbert's mother to criminal liability rests on the possibility that, at the penalty phase of Mr. Holbert's capital trial, his mother would be placed in the position of choosing between providing information that would support application of the death penalty or perjuring herself by contradicting police reports she had made about Mr. Holbert's violent behavior.

[5] The alleged death threat from Mr. Holbert's sister was predicated on the hypothetical prosecution and conviction of his mother for perjury. Mr. Holbert asserts that if his mother was convicted of perjury, the state would take custody of his niece and nephew (his sister's children) from his mother.

7

Mr. Holbert suggests the OCCA made an unreasonable determination of the facts because "[t]he evidence shows that the Petitioner was threatened with the imprisonment of family, the taking of custody of his niece and nephew, and the loss of his life"). ROA at 23. Neither conclusory argument warrants a COA on this claim.

Mr. Holbert, with the assistance of counsel, presented each of his coercion arguments to the OCCA on post-conviction review. But the OCCA concluded that the totality of the circumstances showed that Mr. Holbert "understood his choices and elected to enter a plea to avoid the death penalty." ROA at 213. Because Mr. Holbert has not shown how the OCCA's mixed conclusion of fact and law was even minimally erroneous, no reasonable jurist could debate that Mr. Holbert is not entitled to habeas relief. *See Owens v. Trammell*, 792 F.3d 1234, 1242 (2015) ("The Supreme Court has stressed that the relevant inquiry is not whether the state court's application of federal law was *incorrect*, but whether it was objectively unreasonable." (internal quotation marks omitted)). Mr. Holbert is therefore not entitled to a COA on his claim that his guilty plea was not voluntary.

### B. *Motion to Proceed in Forma Pauperis*

Mr. Holbert also filed a motion to proceed in forma pauperis. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Holbert has not met this burden; our review of the record reveals no

8

nonfrivolous argument in support of his request for a COA. Accordingly, we also deny Mr. Holbert's motion to proceed in forma pauperis.

### III.   CONCLUSION

Because Mr. Holbert fails to establish that reasonable jurists could debate the district court's denial of his constitutional claims, we **DENY** his request for a COA and **DISMISS** the matter. We also **DENY** Mr. Holbert's motion to proceed in forma pauperis.

Entered for the Court

Carolyn B. McHugh
Circuit Judge