**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES DALE VAUGHN,

      Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent-Appellee.

No. 07-7114

(D.C. No. CV-06-202-RAW-KEW)
(E. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

James Vaughn, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because Vaughn has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

On January 19, 2000, Vaughn and co-defendant Brenda Alexander (who Vaughn refers to as his common-law wife) were charged by information in Oklahoma state court with trafficking in methamphetamine in an amount over 20 grams (Count 1), failure to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

affix drug tax stamp (Count 2), and unlawful use of police radio (Count 3). The information also charged Vaughn with unlawful possession of marijuana, second offense (Count 4), unlawful possession of firearm while in commission of felony (Count 5), and unlawful possession of firearm after felony conviction (Count 6). Vaughn was convicted by a jury on all six counts. He was sentenced to life without parole on Count 1, twenty years' imprisonment on each of Counts 2, 3, 5, and 6, and one year's imprisonment on Count 4. The sentences on Counts 1, 2 and 4 were ordered to be served concurrently with each other. The sentences on Counts 3, 5 and 6 were ordered to be served consecutively to all other counts.

Vaughn filed a direct appeal. On February 19, 2003, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and all of his sentences, except for the sentence imposed with respect to Count 5, which the OCCA modified to two years. Vaughn v. State, No. F 2002-175 (Okla. Crim. App. Feb. 19, 2003) (Vaughn I). On July 30, 2003, Vaughn filed an application for state post-conviction relief. The state trial court denied Vaughn's application on January 17, 2006. On April 28, 2006, the OCCA affirmed the denial of post-conviction relief. Vaughn v. State, No. PC 2006-0108 (Okla. Crim. App. Apr. 28, 2006) (Vaughn II).

On May 25, 2006, Vaughn filed a pro se petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Vaughn's petition identified seven general grounds for relief: (1) the search warrant that yielded all of the physical evidence in his case was based on unverified hearsay information from a confidential informant; (2) the trial court erred in

failing to require the State to disclose the identity of the confidential informant; (3) the jury was erroneously instructed as to the range of punishment on Count 5; (4) ineffective assistance of appellate counsel (failing to argue three issues on appeal); (5) Vaughn's trial counsel was acting under an actual conflict of interest due to his joint representation of Vaughn and co-defendant Alexander; (6) Vaughn was "actually and factually innocent of Count Three, Unlawful Possession of Police Radio"; and (7) Vaughn was "actually innocent of Count One, Trafficking Methamphetamine." ROA, Vol. 1, Doc. 1 at 4. After respondent filed his response to Vaughn's petition, the magistrate judge assigned to the case issued a report and recommendation recommending that the petition be dismissed. Id., Doc. 24. On December 11, 2007, the district court overruled Vaughn's objections to the magistrate judge's report and recommendation, adopted the report and recommendation as its own findings and order, and dismissed Vaughn's petition. Id., Doc. 28.

Vaughn has since filed a notice of appeal and an application for COA with this court.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In

3

order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

### III.

Vaughn seeks a COA with respect to all seven issues raised in his federal habeas petition. For the reasons that follow, we conclude he has failed to satisfy the standards for issuance of a COA with respect to any of these issues.

*Challenge to search warrant*

Prior to his trial, Vaughn moved to suppress the evidence seized from his residence arguing, as he does now, that the search warrant was based solely on unverified hearsay information from a confidential informant. The state trial court overruled his motion and admitted the seized evidence at trial. On direct appeal, the OCCA affirmed the state trial court's ruling, concluding that "the facts contained in the [supporting] affidavit pertaining to the reliability of the informant, including the particularity of the informant's observations, were sufficient and established probable cause to justify the magistrate's

4

issuance of the search warrant." Vaughn I at 6.

After reviewing this procedural history, the magistrate judge and district court concluded that "[t]his ground for habeas relief fails." ROA, Vol. 1, Doc. 24 at 6. More specifically, the magistrate judge and district court noted that "Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings, if the petitioner had an opportunity for full and fair litigation of the claim in state court." Id. (citing Stone v. Powell, 428 U.S. 465, 494 (1976)). Because Vaughn "had [such an] opportunity and exercised it fully," the magistrate judge and district court concluded, he could not state a valid claim for federal habeas relief. Id.

After reviewing the record on appeal, we conclude Vaughn has failed to establish that this claim should have been resolved in a different manner or that the claim "deserve[s] encouragement to proceed further." Slack, 529 U.S. at 484. Thus, he is not entitled to a COA with respect to this claim.

*State's failure to disclose identity of confidential informant*

In his direct appeal, Vaughn argued, as he does now, that the state trial court violated an Oklahoma criminal procedure statute by failing to require an *in camera* disclosure by the State of the confidential informant's identity. The OCCA rejected this argument on the merits, concluding that the state trial court did not abuse its discretion in rejecting Vaughn's request for disclosure of the confidential informant's identity under the statute at issue. In the OCCA's view, "[d]isclosure of the informant's identity would not have materially affected any issue at trial and would not have affected the outcome of

5

the trial," and thus "disclosure was not necessary for [Vaughn] to put forth a defense to the crimes charged." Vaughn I at 10.

The district court in this case concluded that Vaughn's argument failed to offer a valid basis for the grant of federal habeas relief because it was based exclusively on the construction of an Oklahoma statute, rather than on an alleged violation of the Constitution, laws, or treaties of the United States. We conclude, after reviewing the record, that Vaughn has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and thus is not entitled to a COA on this issue.

*Erroneous jury instructions*

Vaughn contends that the state trial court erroneously instructed the jury about the range of punishment on Count 5 (unlawful possession of a firearm in commission of a felony). As noted by the district court, however, Vaughn asserted this identical argument on direct appeal, and the OCCA agreed with Vaughn and granted him relief in the form of a reduced sentence on Count 5. In light of this uncontroverted procedural history, we agree with the district court that Vaughn cannot establish his entitlement to federal habeas relief on the claim, and we therefore reject his request for a COA on this claim.

*Ineffective assistance of appellate counsel*

Vaughn contends that his appellate counsel was ineffective for failing to assert three claims on appeal: (1) that the evidence was insufficient to support his convictions on Counts 1, 2 and 3 (the drug-trafficking related counts); (2) that Vaughn was prejudiced by

6

the State's irrelevant evidence to support Count 1; and (3) that Vaughn's trial counsel should have requested a Franks[1] hearing with regard to the search warrant and the affidavit in support of the warrant. Vaughn first raised these claims in his application for state post-conviction relief. The OCCA rejected them on the merits, concluding that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." Vaughn II at 3.

As the magistrate judge and district court correctly recognized, the OCCA's analysis of Vaughn's claims deviated from the controlling federal standards and thus was not entitled to deference on federal habeas review. That is, as we have explained in other federal habeas cases arising out of Oklahoma, "(1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the [OCCA]'s rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law." Wilson v. Oklahoma, 192 Fed. Appx. 755, 757 (10th Cir. 2006) (citing Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003)).

---

[1] See Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (holding "that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request").

7

Given the OCCA's erroneous analysis, the magistrate judge and district court reviewed de novo Vaughn's claims of ineffective assistance of appellate counsel. In doing so, the magistrate judge and district court properly identified the clearly established federal law applicable to Vaughn's claims, see Strickland v. Washington, 466 U.S. 668 (1984), and in turn assessed in depth each of the three claims that Vaughn asserted his appellate counsel should have raised. With respect to the claim of insufficient evidence, the magistrate judge and district court concluded, after reviewing the state trial transcript and jury instructions, that "the evidence was sufficient" to support the drug-trafficking convictions "under the standard of Jackson v. Virginia[, 443 U.S. 307, 319 (1979)]." ROA, Vol. 1, Doc. 24 at 15. With respect to Vaughn's claim that the state trial court erroneously admitted irrelevant evidence regarding the drug-trafficking count, the magistrate judge and district court concluded that the challenged evidence, which amounted solely to testimony from an investigator for the district attorney's office regarding how drug-traffickers typically distribute or conceal their money, "was helpful to the jury in determining whether [Vaughn] had knowledge of and exercised dominion and control over the drugs [at issue]." Id. at 17. Accordingly, the magistrate judge and district court concluded Vaughn's "appellate counsel . . . was not ineffective in failing to raise this claim on appeal." Id. Lastly, with respect to Vaughn's claim that his trial counsel should have requested a Franks hearing, the magistrate judge and district court noted that Vaughn "ha[d] made no showing that the confidential informant's information was false, or that the officer's use of the allegedly false information in the [warrant]

8

affidavit was knowing and intentional, or done with a reckless disregard for the truth." Id. at 18. In turn, the magistrate judge and district court concluded that, because Vaughn had failed to establish his entitlement "to a Franks hearing, his appellate counsel was not ineffective in failing to raise this claim on direct appeal." Id.

After reviewing Vaughn's appellate pleadings and the record on appeal, we conclude he has failed to establish his entitlement to a COA on these claims. That is, we are not persuaded "that reasonable jurists could debate whether" the district court should have resolved the claims "in a different manner" or that the claims are "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (2000).

*The remaining three grounds*

The magistrate judge and district court concluded that the final three grounds for relief asserted in Vaughn's habeas petition were procedurally barred from federal habeas review. In reaching this conclusion, the magistrate judge and district court noted that Vaughn "first raised these three claims in his application for [state] post-conviction relief," and that the OCCA, in affirming the denial of Vaughn's application, concluded the claims were waived due to Vaughn's failure to raise them on direct appeal. Id. at 19 (citing Vaughn II at 2-3). The magistrate judge and district court further noted that Vaughn "failed to demonstrate cause for his procedural default," and thus "the issue of prejudice need not be addressed." Id. at 20. Lastly, the magistrate judge and district court noted that, "[a]lthough [Vaughn] assert[ed] his actual innocence in" two of the claims, he had failed to support his assertions of innocence "with new reliable evidence"

9

that was not presented at trial.  Id. (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).

We conclude, after reviewing the record on appeal, that Vaughn has failed to establish his entitlement to a COA on these claims.  In particular, Vaughn has failed to demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

The application for COA is DENIED and the matter is DISMISSED.

<div style="margin-left: 50%;">

Entered for the Court


Mary Beck Briscoe
Circuit Judge

</div>