# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2212
_____

| | | |
|---|---|---|
| Keva Tyree O'Neal, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Michael Kenny, Warden, Nebraska | * | [UNPUBLISHED] |
| State Penitentiary, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 20, 2002

Filed: October 8, 2002
_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

During January 1997 in Nebraska state court, Keva Tyree O'Neal was convicted of assault, attempted assault, and using a deadly weapon, and sentenced to imprisonment for fifty-two to sixty-five years. O'Neal's state appeal was dismissed. In April 2001, O'Neal filed a federal habeas petition under 28 U.S.C. § 2254. O'Neal alleged ineffective assistance of counsel, unlawful arrest, defective information, and due process and equal protection violations because he had filed a state postconviction motion on October 8, 1998 and the State had taken no action on his motion. After a preliminary review of the pleadings and before the State filed a

response, the district court dismissed O'Neal's habeas petition without prejudice for failure to exhaust state remedies, holding the state court's delay did not excuse O'Neal's failure. The district court nevertheless granted O'Neal a certificate of appealability on the limited issue of inordinate delay, stating, "The question whether the petitioner should be required to wait indefinitely for resolution of his state collateral proceeding before presenting his habeas corpus claims to [a federal] court is at least debatable among jurists of reason." Because we cannot tell from the undeveloped record whether the circumstances of this case warrant excusing O'Neal's failure to exhaust state remedies, we vacate the district court's dismissal and remand for further proceedings.

According to 28 U.S.C. § 2254(b)(1), a federal habeas petition by a state prisoner cannot be granted unless the prisoner has exhausted available state remedies, or there is no available state corrective process, or circumstances render the state's process ineffective to protect the prisoner's rights. A state's inexcusable or inordinate delay in processing claims for relief may render the state remedy effectively unavailable, however, and excuse the prisoner from exhausting state remedies. Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002). To decide whether delay excuses exhaustion, courts consider the history of a petitioner's attempts to obtain state remedies, including the length of the delay, whether there has been any activity or progress in the state court action, and whether the delay is attributable to the state or to the petitioner. Id.; Chitwood v. Dowd, 889 F.2d 781, 785 (8th Cir. 1989). In some cases where petitioners have not obtained any state-court ruling on postconviction motions after delays of more than two years, we have remanded to the district court with directions to consider the habeas petition on the merits if the state court still has not rendered a decision within a stated period of time. E.g., Pool v. Wyrick, 703 F.2d 1064, 1066-67 (8th Cir. 1983) (per curiam); Wade v. Lockhart, 674 F.2d 721, 722 (8th Cir. 1982); see also Jones v. Solem, 739 F.2d 329, 331 n.5 (8th Cir. 1984) (noting we have not always required a showing of discrimination against the prisoner or intentional delay by State before intervening).

-2-

In this case, there is no record on the reason for the nearly four-year delay in state court. The State asserts that, although the information was "clearly not a matter of record before the district court," much of the delay is attributable to O'Neal. Appellee's Br. at 3. Because the record is incomplete, we remand to the district court for consideration of the reason for delay in O'Neal's state-court postconviction proceeding. The district court must decide in the first instance whether the circumstances warrant excusing O'Neal's failure to exhaust state remedies. We thus vacate the district court's dismissal of O'Neal's habeas petition and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.