# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3893

_____

Keva Tyree O'Neal,

             Appellant,

v.

Michael Kenny, Warden,
Nebraska State Penitentiary,

             Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.

_____

Submitted: June 12, 2007
Filed: September 6, 2007 (corrected September 12, 2007)

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Keva Tyree O'Neal seeks federal habeas corpus relief from a 1997 Nebraska criminal judgment. The district court[1] denied relief, concluding that his petition was time barred and violated the Antiterrorism and Effective Death Penalty Act's (AEDPA) prohibition against filing multiple habeas petitions. The district court, however, did grant O'Neal's application for a certificate of appealability. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I. *Background*

O'Neal pleaded no contest in a Nebraska state court to three counts of attempted assault in the first degree and two counts of use of a deadly weapon to commit a felony. *State v. O'Neal*, No. A-04-536, 2005 WL 1022027 (Neb. App. 2005) (unpublished). O'Neal failed to file for state or federal post-conviction relief within one year of the date on which his conviction became final and thus failed to comply with AEDPA's statute of limitations requirements. 28 U.S.C. § 2244(d)(1)(A).

Two weeks after the AEDPA statute of limitations had expired, O'Neal sought state post-conviction relief. Four years later, while the state post-conviction relief was pending, he filed a petition for habeas relief in federal district court. The federal district court dismissed his petition as time barred. After the federal court dismissed O'Neal's petition, a state court granted O'Neal post-conviction relief in the form of "a new direct appeal" based upon his court-appointed counsel's failure to submit an adequate poverty affidavit prior to his original appeal.

After his success in the state courts, O'Neal filed a second petition in federal district court seeking federal habeas relief. The district court, sua sponte, determined that the grant of a new direct appeal did not affect AEDPA's statute of limitations requirement and, therefore, the petition remained time barred. The court also determined that AEDPA's prohibition against filing multiple habeas petitions prevented the court from granting relief. 28 U.S.C. §2244(b).

The district court certified these two independent grounds for dismissal to this court: "(1) whether or not the AEDPA statute of limitations calculation is affected when a new direct appeal is granted to a state prisoner on post-conviction review, and the prisoner's original direct appeal is vacated, thereby altering the date of 'finality' of the judgment of conviction" and "(2) whether or not, under such circumstances, a petitioner's request for relief from judgment in a closed habeas case should be treated as a second or successive habeas corpus petition for which the petitioner must first

-2-

obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)."

## II. *Discussion*

We review de novo the district court's AEDPA statute of limitations determination. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). AEDPA requires a state prisoner seeking federal habeas relief to file a petition with the district court within one year after a state conviction becomes final. § 2244(d)(1)(A). A judgment is final, for these purposes, 90 days after the conclusion of "direct review" within the state appellate system. *Id.*; *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

O'Neal received a new direct appeal as state post-conviction relief. He avers that Nebraska's grant of a new direct appeal restores him to the state's original direct review process. Thus, he contends that his conviction is not final and that the habeas statute of limitations, consequently, has not expired. Nebraska, on the other hand, argues that the new direct appeal is merely a form of post-conviction relief that does not restore O'Neal to the state's direct review process. Therefore, Nebraska reasons, the finality of the judgment is unaffected, the AEDPA statute of limitations has already expired, and O'Neal is ineligible to seek federal habeas relief.

To determine whether a new direct appeal constitutes direct review within the meaning of AEDPA, we must examine the underlying state law. *Frasch v. Peguese*, 414 F.3d 518, 522 (4th Cir. 2005); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002); *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). The Nebraska Supreme Court has explicitly rejected O'Neal's argument. In *State v. McCracken*, the court held that the grant of a new direct appeal constitutes a new appellate process and does not reinstate the original appellate process. *State v. McCracken,* 615 N.W.2d 882, 882 (Neb. 2000); *State v. McCracken*, 615 N.W.2d 902 (Neb. 2000) (*McCracken II)* ("[W]e conclude that a district court should more properly grant a 'new direct appeal'

rather than 'reinstate' a past one."). This independent appellate mechanism allows a defendant to adjudicate alleged errors without disturbing the original criminal judgment. *State v. Meers*, 671 N.W.2d 234, 237 (Neb. 2003). In both his brief and at oral argument, O'Neal conceded that under, Nebraska law, the grant of a new direct appeal does not reverse the clock, but places him on a new appellate path. (Pet. Br. 10) ("Thus O'Neal at best can only get a new direct appeal rather than getting his previous appeal reinstated . . . ."). We agree and hold that, under Nebraska law, a new direct appeal does not constitute direct review for AEDPA purposes.

In the alternative, O'Neal, citing *Orange v. Calbone*, 318 F.3d 1167 (10th Cir. 2003), argues that the unique circumstances present in this case—including a state post-conviction relief court determination that his counsel failed to submit an appropriate affidavit—justifies restarting the clock on the one-year statute of limitations requirement. *Orange* contains no such holding. In *Orange*, a pro se petitioner failed to properly raise the issue of whether his "appeal out of time" constituted direct review under the applicable state law. *Id.* at 1170. The Tenth Circuit, based upon that case's unusual circumstances and the petitioner's pro se status, permitted the petitioner to argue the issue. *Id*. The ultimate holding of the Tenth Circuit—that the grant of a new appeal under Oklahoma law constitutes direct review for purposes of AEDPA—was based solely upon the court's interpretation of Oklahoma law. *Id*. Oklahoma and Nebraska law differ on this issue. Therefore, we conclude that *Orange* provides no basis for relief.[2]

---

[2]At no point does O'Neal argue that we should apply the doctrine of equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) ("[e]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief" and is applicable only when "extraordinary circumstances beyond [petitioner's] control" exist). Therefore, we do not consider whether the doctrine is applicable here. It is also worth noting that O'Neal does not explain his failure to file a federal habeas petition within the statute of limitations. The narrow grounds upon which his state post-conviction relief was granted—failure to file a supplemental affidavit—is rooted exclusively in Nebraska law and would not ordinarily justify the application of the doctrine of equitable tolling.

Because we conclude that his petition is time barred, we do not consider whether his petition constitutes a second or successive petition.

### III. *Conclusion*

After a careful review of the record, we conclude that a new direct appeal is not direct review under Nebraska law. We affirm the judgment of the district court.

_____