# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3893

_____

| | | |
|---|---|---|
| Keva Tyree O'Neal, | * | |
| | * | |
| Petitioner-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Michael Kenny, Warden, | * | |
| Nebraska State Penitentiary, | * | |
| | * | |
| Respondent-Appellee. | * | |

_____

Submitted: February 27, 2009
Filed: September 3, 2009

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Keva Tyree O'Neal sought federal habeas corpus relief from a 1997 Nebraska criminal judgment. While the district court[1] denied relief, determining that O'Neal's petition was time barred and violated the Antiterrorism and Effective Death Penalty Act's (AEDPA) prohibition against filing multiple habeas petitions, it did grant O'Neal's application for a certificate of appealability. We affirmed, holding that a new

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

direct appeal did not constitute direct review under Nebraska law. *United States v. O'Neal*, 501 F.3d 969, 971 (8th Cir. 2007) ("*O'Neal III*"). The Supreme Court vacated and remanded for reconsideration in light of *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). Having considered *Jiminez*'s impact, we again affirm the judgment of the district court.

## I. *Background*

O'Neal, pursuant to a plea agreement, pleaded no contest in Nebraska state court to three counts of attempted assault in the first degree and two counts of use of a deadly weapon to commit a felony. *State v. O'Neal*, No. A-04-536, 2005 WL 1022027, at *1 (Neb. Ct. App. May 3, 2005) (unpublished) ("*O'Neal II*"). On April 2, 1997, O'Neal was sentenced to four to five years' imprisonment for each of the three convictions for attempted assault in the first degree and 20 to 25 years' imprisonment for each of the two convictions for use of a deadly weapon to commit a felony. The state trial court ordered that all five sentences run consecutively, for a total of 52 to 65 years' imprisonment. *Id.*

On April 30, 1997, O'Neal filed a notice of appeal with the Nebraska Supreme Court, but it dismissed O'Neal's direct appeal for lack of jurisdiction on May 22, 1997, because O'Neal failed to submit "a sufficient affidavit of poverty in lieu of a docket fee." *Id.*

On August 21, 1997, the time allowed for O'Neal to seek a petition for writ of certiorari with the Supreme Court of the United States expired. One year later, on August 21, 1998, the AEDPA statute of limitations expired. *See* 28 U.S.C. § 2244(d)(1)(A).

On October 9, 1998, O'Neal filed his first state postconviction action in Nebraska state court.

Less than three years later, on April 6, 2001, O'Neal filed his first federal habeas corpus petition under 28 U.S.C. § 2254. *O'Neal v. Kenny*, 49 F. App'x. 84, 84 (8th Cir. 2002) (unpublished per curiam) ("*O'Neal I*"). But on November 15, 2001, the federal district court "dismissed O'Neal's habeas petition without prejudice for failure to exhaust state remedies." *Id*. The district court certified for appeal the question of the state's potential inordinate delay in resolving O'Neal's state collateral proceeding. *Id*. "Because we [could not] tell from the undeveloped record whether the circumstances of this case warrant[ed] excusing O'Neal's failure to exhaust state remedies, we vacate[d] the district court's dismissal and remand[ed] for further proceedings." *Id*.

Thereafter, the district court dismissed O'Neal's federal habeas corpus proceeding on the ground that the federal habeas corpus statute of limitations had run before O'Neal had initiated his state collateral proceeding on October 9, 1998.

Then, on April 19, 2004, the Nebraska state trial court granted O'Neal postconviction relief in the form of "a new direct appeal" based upon O'Neal's court-appointed counsel's failure to submit an adequate poverty affidavit prior to his original appeal. On May 3, 2005, the Nebraska Court of Appeals affirmed O'Neal's conviction and modified certain of O'Neal's sentences due to legislation enacted since his original sentences were imposed. *O'Neal II*, 2005 WL 1022027, at *10.

After his success in state courts, O'Neal filed a second petition in federal district court seeking federal habeas relief. The district court, sua sponte, determined that the grant of a new direct appeal did not affect AEDPA's statute-of-limitations requirement and, therefore, the petition remained time barred. The court also determined that AEDPA's prohibition against filing multiple habeas petitions prevented the court from granting relief. *See* 28 U.S.C. § 2244(b).

The district court certified these two independent grounds for dismissal to this court: "(1) whether or not the AEDPA statute of limitations calculation is affected when a new direct appeal is granted to a state prisoner on post-conviction review, and the prisoner's original direct appeal is vacated, thereby altering the date of 'finality' of the judgment of conviction" and "(2) whether or not, under such circumstances, a petitioner's request for relief from judgment in a closed habeas case should be treated as a second or successive habeas corpus petition for which the petitioner must first obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)."

## II. *Discussion*

We are specifically called on in this case to determine what effect *Jiminez v. Quarterman*, 129 S. Ct. 681(2009), has on the instant case. In *Jiminez*, the Supreme Court held that a state court's grant of a right to file an out-of-time direct appeal resets the date when the conviction becomes "final" under AEDPA. *Id*. at 686. O'Neal, after being denied habeas relief in federal district court, was granted postconviction relief in state court in the form of a "new direct appeal" based on his court-appointed counsel's failure to submit an adequate poverty affidavit prior to his original appeal.

AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates," including "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id*. at 683 (quoting 28 U.S.C. § 2244(d)(1)(A)).

In *Jiminez*, after the petitioner was sentenced in state court for burglary in 1995, the petitioner's counsel filed an appellate brief with the state appellate court, advising it that he could not identify a "nonfrivolous ground on which to base an appeal." *Id*. Counsel took a copy of the brief and a letter (informing the petitioner of his right to file a *pro se* brief) to the county jail where counsel believed the petitioner to be. *Id*.

But the petitioner had been transferred to a state facility and, as a result, failed to receive the delivery. *Id*. The state appellate court "dismissed the appeal on September 11, 1996, and served petitioner with notice of the dismissal at the county-jail address that, again, was the wrong address." *Id*. When the petitioner learned that his appeal had been dismissed, he filed an application in state court for a writ of habeas corpus pursuant to the state's criminal code, asserting that he was denied the opportunity to file a *pro se* brief. *Id*. Agreeing with the petitioner, the state appellate court, on September 25, 2002, granted the petitioner the right to file an out-of-time appeal, noting that "'all time limits shall be calculated as if the sentence had been imposed on the date that the mandate of this Court issues.'" *Id*. at 683–84 (quoting *Ex parte Jimenez*, No. 74,433 (per curiam), App. 26, 27). The petitioner then filed an out-of-time appeal, and his conviction was subsequently affirmed. *Id*. at 684. The state appellate court denied discretionary review on October 8, 2003. *Id*. The time limit for seeking certiorari review of that decision with the Supreme Court of the United States expired on January 6, 2004. *Id*. The petitioner, on December 6, 2004, filed a second application for a writ of habeas corpus in state court, which the state court denied on June 29, 2005. *Id*.

On July 19, 2005, the petitioner filed a federal habeas corpus petition, arguing that his petition was timely because his conviction became "final" on January 6, 2004—when the time expired for the petitioner to seek certiorari review of the decision in his out-of-time appeal. *Id*. "With January 6, 2004, as the start date, petitioner contended that his July 19, 2005, petition was timely because the statute excludes from the 1-year limitations period '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Id*. (quoting 28 U.S.C. § 2244(d)(2)). Because the petitioner "had a state habeas application pending from December 6, 2004, through June 29, 2005," "less than one year of included time—specifically, 355 days—passed between January 6, 2004, and July 19, 2005." *Id*. But the district court disagreed and dismissed the federal habeas petition as time barred. *Id*.

The question presented to the Court was "whether the date on which direct review became 'final' under the statute is October 11, 1996, when petitioner's conviction initially became final, or January 6, 2004, when the out-of-time appeal granted by the [state appellate court] became final." *Id.* at 685. The Court held that, "[u]nder the plain meaning of the statutory text," January 6, 2004, was the controlling date. *Id.*

In reaching this conclusion, the Court first noted that the "finality" of a state-court judgment is defined as "'the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (quoting 28 § 2244(d)(1)(A)). Next, the Court pointed out that, with regard to postconviction relief for *federal* prisoners, "the conclusion of direct review occurs when 'this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.'" *Id.* (quoting *Clay v. United States*, 537 U.S. 522, 527, 528–32 (2003)). Then, the Court explained that "if the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when 'the time for filing a certiorari petition expires.'" *Id.* (quoting *Clay*, 537 U.S. at 527).

"In construing the similar language of § 2244(d)(1)(A)," the Court saw "no reason to depart from this settled understanding, which comports with the most natural reading of the statutory text." *Id.* Therefore, the Court concluded that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to this Court has been exhausted." *Id.* (internal quotations and citations omitted). According to the Court, until that time, direct review is not complete, meaning that "a presumption of finality and legality cannot yet have attached to the conviction and sentence." *Id.* at 685–86 (internal quotations, citations, and alterations omitted).

Thus, the Court found that once the state appellate court "reopened direct review of petitioner's conviction on September 25, 2002, petitioner's conviction was

no longer final for purposes of § 2244(d)(1)(A)." *Id.* at 686. In a footnote, the Court made clear that its holding was a narrow one, explaining:

> We do not here decide whether petitioner could have sought timely federal habeas relief between October 11, 1997, when the 1-year limitations period initially expired, and September 25, 2002, when the state court ordered that his direct review be reopened. Were such a petition timely, though, it would not be through application of § 2244(d)(1)(A) because we have previously held that the possibility that a state court may reopen direct review "does not render convictions and sentences that are no longer subject to direct review nonfinal," *Beard v. Banks*, 542 U.S. 406, 412, 124 S. Ct. 2504, 159 L. Ed. 2d 494 (2004). We do not depart from that rule here; we merely hold that, where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.

*Id.* at 686 n.4.

The Court found that the state appellate court's order granting an out-of-time appeal restored the pendency of the direct appeal. Consequently, the petitioner's conviction "was again capable of modification through direct appeal to the state courts and to this Court on certiorari review." *Id.* at 686. "Therefore, it was not until January 6, 2004, when time for seeking certiorari review in this Court expired, that petitioner's conviction became 'final' through 'the conclusion of direct review or the expiration of the time for seeking such review' under § 2244(d)(1)(A)." *Id.*

According to the Court, § 2244(d)(1)(a) "requires a federal court, *presented with an individual's first petition for habeas relief*, to make use of the date on which the entirety of the state direct appellate review process was completed." *Id.* (emphasis added). But the Court again emphasized that its decision was "a narrow one," holding that

where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, *but before the defendant has first sought federal habeas relief*, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id*. at 686–87 (emphasis added).

O'Neal's case is factually distinguishable from *Jiminez* and thus not controlled by its holding. In *Jiminez*, the petitioner had *never* filed a federal habeas petition before the state appellate court granted him a new direct appeal. In contrast, after the Nebraska Supreme Court dismissed O'Neal's direct appeal, and after the time allowed to seek a petition for writ of certiorari with the Supreme Court expired, O'Neal *did* file a federal habeas petition *before* the Nebraska state trial court granted him a new direct appeal. In fact, over three years passed between O'Neal's filing of his first habeas petition and the Nebraska state trial court's grant of a new direct appeal.

This is precisely the situation that the Court cautioned that it *was not* ruling on in *Jiminez*. The Court's footnote specifically says that it was not deciding "whether petitioner could have sought timely federal habeas relief between October 11, 1997, when the 1-year limitations period initially expired, and September 25, 2002, when the state court ordered that his direct review be reopened." *Id*. at 686 n.4. The Court emphasized that "the possibility that a state court may reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal." *Id*. (internal quotations and citation omitted). Finally, the Court recognized that its holding was "a narrow one," specifically limiting its holding to situations in which a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review "but before the defendant has first sought federal habeas

relief." *Id*. at 686. Here, as noted *supra*, O'Neal sought federal habeas relief *before* the state trial court granted him a new direct appeal. Thus, *Jiminez* is not controlling precedent for the issue presented in this case.

### III. *Conclusion*

We therefore adopt our prior analysis in *O'Neal III*, 501 F.3d at 970–71, and conclude that O'Neal's petition is time barred.

_____